IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02673-WYD-MEH

DISH NETWORK SERVICE, L.L.C.; and
DISH NETWORK, L.L.C.,

    Plaintiffs,

v.

LEVI, INC.,

    Defendant.

## ORDER OF ADMINISTRATIVE CLOSURE

THIS MATTER is before the Court on a review of the file. Plaintiffs DISH Network Service, L.L.C. and DISH Network, L.L.C. [collectively "DISH"] commenced this action on November 13, 2009. On January 15, 2010, Defendant Levi, Inc. d/b/a American Digital Systems ["ADS"] filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and the Doctrines of Res Judicata and Judicial Estoppel.

By way of background, in the Complaint DISH seeks a declaration that it is not obligated to perform under a settlement agreement that was materially breached by ADS or that ADS fraudulently induced DISH to enter into. (Compl., ¶¶ 1,32.) In the alternative, DISH seeks to recover damages from ADS that were caused by ADS' breaches. (*Id.*, ¶ 1.) DISH also asserts that if the Court denies its motion to vacate the arbitration award in an earlier filed case between the parties, *Levi, Inc. d/b/a American Digital Systems v. DISH Network Service, L.L.C.*, No. 07-cv-00973-WYD-BNB [the

"underlying action"], this case is then brought to resolve ADS' breaches of that settlement agreement. (*Id.*, ¶ 2.)

In the underlying action, DISH sought to vacate a final arbitration award by arguing, *inter alia*, that there was no binding settlement agreement between the parties upon which the award is predicated. ADS' motion to dismiss asserts that DISH presented testimony and made arguments to the arbitration panel that ADS had violated the settlement agreement by allegedly failing to comply with some of its provisions. ADS argues that the allegations in the current complaint relate to the same argument which DISH could have raised and did raise in the arbitration. Accordingly, ADS asserts that DISH is barred by res judicata from filing this action and seeking to collaterally attack the arbitration award.

Additionally, ADS argues that DISH is now arguing in this case, for the first time, that there was a binding settlement agreement between the parties and that ADS either fraudulently entered into the agreement or has since breached it. ADS asserts that this is a reversal of the position that DISH has previously taken before the arbitration panel and this Court—that there was *no* binding settlement agreement. Accordingly, ADS asserts that DISH should be barred by the principle of judicial estoppel from asserting this argument. ADS requests an order dismissing this case as well as an award of its attorney fees and costs. A response to the motion was filed on February 12, 2010, and a reply was filed on February 26, 2010.

I find that the motion to dismiss should be denied without prejudice and that this case should be administratively closed as the relief sought by DISH in the Complaint

and ADS in its motion to dismiss is premature. That is because after this case was filed and ADS' motion to dismiss was fully briefed, I issued an Order on July 1, 2010, in the underlying case which granted DISH's Motion to Vacate the Arbitration award. (Case No. 07-cv-00973-WYD-BNB, ECF No. 93.) The arbitration award was vacated, and the arbitrators that are selected will have to decide anew what issues have been submitted to arbitration consistent with the guidelines I stated in my Order before the new arbitration proceedings commence. Until these issues are decided and the arbitration has concluded, I find that the issues in this case are premature and not ripe for resolution. Accordingly, it is

ORDERED that Defendant Levi, Inc. d/b/a/ American Digital Systems' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and the Doctrines of Res Judicata and Collateral Estoppel (ECF No. 10 filed January 15, 2010), is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that this case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2 as the issues raised in this case are premature until the arbitration in the underlying action have been resolved. It is

FURTHER ORDERED that this case may be reopened for good cause shown. Good cause may be based on the fact that the arbitration in the underlying case has resolved and that the issues raised in the present case are ripe and require resolution by the Court.

Dated: July 29, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge